UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH SIMPSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:13-cv-791-RLY-TAB |
| CITY OF INDIANAPOLIS and ANDREW MCKALIPS, | ) ) ) |
| Defendants. | ) ) |

**ORDER ON DEFENDANTS' MOTION TO QUASH
AND FOR A PROTECTIVE ORDER**

**I.    Introduction**

Plaintiff wants to depose former Indianapolis Metropolitan Police Department counsel Melissa Kramer concerning legal advice she gave regarding an Indiana statute that lies at the heart of this case. Ordinarily, such advice would be shielded on grounds of privilege. However, Office of Corporation Counsel, which represents Defendants, has put Defendants in a bind.

Corporation Counsel produced a transcribed copy of Kramer's legal opinion of the statute to Plaintiff's counsel in prior litigation involving the City of Indianapolis. While this production apparently was inadvertent, Corporation Counsel never asked Plaintiff's counsel to return the document after the production came to light. In fact, Corporation Counsel allowed Plaintiff's counsel to question the city's designated representative about this legal advice during a deposition in that prior litigation.

Accordingly, the unmistakable conclusion is that Defendants have waived any privilege associated with Kramer's opinion. This raises the question of the scope of that waiver. Defendants contend Kramer's deposition would be "superfluous" given that her opinion is fully

1

contained in the inadvertently produced document. [Filing No. 41, at ECF p. 6.] The Court disagrees. Plaintiff is entitled to take Kramer's deposition and to obtain documents related to this subject matter. The permissible parameters of this discovery are outlined below. Accordingly, Defendants' motion to quash and for protective order [Filing No. 35] is denied.

**II.     Discussion**

Defendant Andrew McKalip, an IMPD officer, arrested Plaintiff Joseph Simpson June 3, 2012, after Simpson allegedly refused to leave his neighbor's house where McKalip was investigating a possible burglary. Simpson was charged with refusing to leave the scene of an emergency incident area under the Interference with a Firefighter chapter of Indiana Code Section 35-44-1-4-5, and resisting law enforcement. Simpson seeks to depose Kramer who in a prior case, *King v. City of Indianapolis*,[1] provided her legal opinion concerning whether the Interference with a Firefighter statute applied to law enforcement. Kramer's transcribed statement was mistakenly turned over to King's counsel in King's case as part of the Internal Affairs file. King's counsel is also Simpson's counsel in the present matter. Defendants claim Kramer's statement is privileged and that they were unaware that Simpson's counsel had Kramer's statement in his possession.

The attorney-client privilege attaches when legal advice is sought from an attorney in her capacity as an attorney and any communications between the client and her attorney or attorney's agent were germane to that purpose and made confidentially. *See United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983); *F.D.I.C. v. Fidelity and Deposit Co. of Maryland,* No. 3:11-cv-19-

---

[1] In *King v. City of Indianapolis,* 1:11-cv-01727, Detective Kimberly Young conducted an investigation of King's formal complaint with the IMPD Internal Affairs Division after he was arrested for violation Indiana Code section 35-44.1-1. Young sought Kramer's advice on whether Indiana Code section 35-44.1-1 pertained to police emergency scenes and recorded Kramer's statements. Young later transcribed the conversation as part of the Internal Affairs file.

2

RLY-WGH, 2013 WL 2421770, at *2 (S.D. Ind. June 3, 2013). Simpson argues that Kramer's statement does not fall under any privilege, but the Court disagrees. Kramer's statement was made when Young sought her advice concerning a statute that was part of an ongoing investigation. Kramer did not know that her statement was recorded and transcribed, and it later became the issue of a civil case. The attorney-client privilege attaches.[2] Even so, the Court agrees with Simpson that Defendants waived this privilege.

The first step of the waiver analysis is to determine if waiver exists. It does. For starters, Kramer's statement does not, by its own terms, indicate that it is made in confidence or subject to retention of any privilege. [Filing No. 43.] More significant, Corporation Counsel turned over Kramer's detailed, ten-page statement to Simpson's counsel in 2012. Since then, Defendants' counsel have made no attempt to prevent disclosure, retrieve, or destroy Kramer's statement. Corporation Counsel had an opportunity to assert privilege when Simpson's counsel in the *King* case deposed IMPD's representative Michael Daley, showed him an exhibit referencing Corporation Counsel's legal opinion on the matter, and questioned him on the topic. Yet Defendants' counsel did not object to the exhibit or subsequent questioning and did not assert an attorney-client privilege.

Only now—years later—when Simpson seeks to depose Kramer in a separate case do Defendants take issue with the statement's privileged status. Corporation Counsel's failure to take reasonable steps to prevent disclosure and the subsequent failure to promptly rectify disclosure supports a finding of waiver. Fed. R. Evid. 502(b); *Gilday v. Kenra, Ltd.,* No. 1:09-cv-229-TWP-TAB, 2010 WL 3928593 (S.D. Ind. Oct. 4, 2010) (finding Kenra did not waive the attorney-client privilege as it took reasonable steps to prevent disclosure by reviewing its

---

[2] Defendants also assert the work product privilege applies. Ultimately, precisely which privileges may apply are inconsequential given the Court's finding of waiver.

3

documents for privilege before production, and Kenra attempted to rectify the disclosure by moving for a protective order within nine days of the inadvertent disclosure).

Having found waiver, the issue becomes the proper scope of this waiver. Defendants assert that if there is waiver, it "is not carte-blanche for Plaintiff to depose Ms. Kramer with respect to all communications she had concerning her legal interpretation of Indiana Code section 35-44-4-5." [Filing No. 41, at ECF p. 3.] The general standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter. *Telamon Corp. v. Charter Oak Fire Ins. Co.*, No. 1:13-cv-382-RLY-DML, 2014 WL 202097, at *4 n.1 (S.D. Ind. Jan. 17, 2014). Defendants are correct that subject matter waiver is limited to circumstances where the party intentionally puts protected information into litigation in a selective, misleading, and unfair matter. However, the Court does not agree with Defendants' contention that Kramer's legal interpretation of the Interference with a Firefighter statute is fully contained in her statement and requires no further deposition. "The waiver extends beyond the document initially produced out of concerns for fairness, so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not." *Rockies Express Pipeline LLC v. 58.6 Acres*, No. 1:08-cv-0751-RLY-DML, 2009 WL 5219025, at *6 (S.D. Ind. Dec. 31, 2009) (quoting *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005)).

In determining the scope of Defendants' waiver, the Court must "weigh those demands of our adversarial system of justice (that support the existence of the privilege in the first instance) against equitable concerns that favor a broad waiver, i.e., the potential for manipulation of the privilege through the use of sword and shield tactics, where favorable communications are disclosed and less favorable ones are withheld." *Alloc, Inc. v. Pergo, LLC*, No. 00-C-0999, 2010

WL 3808977, at *4 (E.D. Wisc. Sept. 23, 2010); *Indiana Mills & Mfg., Inc. v. Dorel Industries, Inc.*, No. 1:04-cv-01102-LJM-WTL, 2006 WL 1749410 (S.D. Ind. Feb. 16, 2006).

Based on the foregoing, the Court finds that Plaintiff is entitled to depose Kramer concerning the subject matter provided in her legal opinion. Such a deposition necessarily includes the bases for this opinion, the identities of any persons with whom Kramer shared this opinion, and the substance of any conversations with those individuals regarding her opinion. In addition, the waiver extends to any documents Kramer provided to, or received from, IMPD regarding her opinion. This necessarily includes emails, and Kramer's statement specifically references at least two emails. The requirement that Defendants produce these documents is supported not only for the reasons outlined above but also by the fact that Defendants failed to identify any such documents in a privilege log. *See E.E.O.C. v. Southlake Tri-City RBA Corp.* No. 2:10-cv-444, 2012 WL 839169, at *4 (N.D. Ind. Mar. 12, 2012) ("A timely and adequate privilege log is required by the federal rules, and the failure to serve an adequate and timely privilege log may result in a waiver of any protection from discovery."); *Ruwat v Navistar Intern. Corp.*, No. 08C4305, 2011 WL 3876957, at* 3 (N.D. Ill. Sept. 1, 2011) ("Documents which are withheld under a claim of privilege must be entered into a privilege log so that the parties and Court can determine the propriety of the claim of privilege. A party's failure to do so can waive a privilege altogether."). Thus, if such documents exist they must be produced.

### III. Conclusion

Defendants have waived any privilege associated with Kramer's opinion. The Court rejects Defendants' suggestion that Kramer's deposition would be superfluous. Kramer must be produced for a deposition, and Defendants must produce documents as outlined above. Defendants' motion to quash and for protective order [Filing No. 35] is denied.

Date: 6/6/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

R. Eric Sanders
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
eric.sanders@indy.gov

Alexander Phillip Will
FROST BROWN TODD LLC
awill@fbtlaw.com

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com