UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH SIMPSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:13-cv-00791-RLY-TAB ) |
| CITY OF INDIANAPOLIS, ANDREW MCKALIPS, | ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S VERIFIED MOTION TO COMPEL DISCOVERY**

Pending before the Court is a motion to compel discovery of Defendant Indiana Metropolitan Police Department's staff emails and IMPD counsel Melissa Kramer's emails to her client. At the heart of this dispute is Legal Bulletin 11-000, a legal opinion drafted by Kramer that Defendants turned over to Plaintiff's counsel in an unrelated case. The parties have hotly litigated the production of documents related to LB11-000, receiving two rulings from the undersigned as well as a ruling from Chief Judge Young. The parties' zeal on this issue is understandable, given that documents Plaintiff seeks are those of Defendants' former counsel. For the reasons stated below, the Court denies Plaintiff's motion to compel discovery. [Filing No. 63.]

The record in this case adequately sets forth the underlying facts of this dispute, but the Court notes the following facts pertinent to this entry:

(1) On June 6, 2014, the undersigned issued a ruling denying Defendants' motion to quash the deposition of Kramer and for a protective order, finding subject matter waiver of Defendants' attorney-client privilege relating to LB11-000. Pursuant to the order, Plaintiff was entitled to depose Kramer on the subject matter of her LB11-000

1

legal opinion and to review related documents, including communications between Kramer and IMPD officials;

(2) As part of that order, the undersigned opined that "the requirement that Defendants produce these documents is supported not only for the reasons outlined above but also by the fact that Defendants failed to identify any such documents in a privilege log" [Filing No. 48, at ECF p. 5];

(3) Defendants filed a Rule 72(a) objection to that order, and on August 12, 2014, Judge Young sustained that objection, finding error in the scope of waiver and remanding the issue back to the undersigned to determine whether subject matter waiver was appropriate under the circumstances;

(4) Having found error on the issue of subject matter waiver, Judge Young did not address Defendants' failure to produce a privilege log;

(5) On October 20, 2014, the undersigned issued a supplemental order granting Defendants' motion to quash and for a protective order, finding that subject matter waiver did not occur. Consequently, Defendants were not required to produce privileged documents related to the subject matter of LB11-000, including communications between Kramer and IMPD officials.

Plaintiff now seeks to compel production of Kramer's emails related to LB11-000 because Defendants failed to produce a privilege log of such documents.[1] Plaintiff highlights that the Court's original order found that Defendants' failure to produce a privilege log meant waiver of privilege for LB11-000 related documents. Defendants concede that they did not

---

[1] Plaintiff's motion to compel also seeks production of IMPD staff emails, which Defendants produced over the course of briefing. [Filing No. 69; Filing No. 70.] Thus, Plaintiff's request for production of IMPD staff emails in his motion to compel is moot.

2

produce a privilege log in response to Plaintiff's written discovery. However, Defendants filed a privilege log in response to Plaintiff's motion to compel.

Defendants assert that their failure to timely produce a privilege log should not result in waiver because their discovery responses and subsequent filings with the Court clearly address in detail the scope of the privilege they assert. Indeed, Defendants have consistently objected to the production of Kramer's correspondence with her client on the sole basis of the attorney-client privilege. According to Defendants, the only additional information a privilege log would have provided Plaintiff would have been the specific dates of each email Kramer sent to her client. Defendants also assert that Plaintiff was not prejudiced by the fact that he did not receive a privilege log identifying the exact dates of each of Kramer's emails to her client. Thus, Defendants submit that their attorney-client privilege should not be waived. [Filing No 65, at ECF p. 5.] Plaintiff responds that Defendants asserted their privilege categorically, which contradicts the requirement that privilege be asserted on a document-by-document basis under Federal Rule of Civil Procedure 26(b)(5).

In its initial June 6 order, the undersigned found Defendants' failure to produce a privilege log to be a secondary reason for finding waiver and denying Defendants' motion to quash. [Filing No. 48, at ECF p. 5.] The primary reason for waiver was Defendants' disclosure of LB11-000 to Plaintiff and failure to promptly rectify that disclosure. [Filing No. 48.] While failing to produce a privilege log was a justifiable reason to support a finding of waiver, the Court is reluctant to find waiver on that basis alone. *See Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Soc'y of U.S.,* 406 F.3d 867, 879 (7th Cir. 2005) (finding blanket waiver inappropriate for a privilege log absent a bad faith finding); *Muro v. Target Corp.,* 250 F.R.D. 350, 360 (N.D. Ill. 2007) ("Blanket waiver is not a favored remedy for technical inadequacies in a privilege log.").

A privilege log serves an important purpose, providing opposing counsel and the Court the ability to evaluate the applicability of an asserted privilege. However, failure to produce a privilege log does not always demand a finding of waiver. *See Sann v. Mastrian,* No. 1:08-cv-1182-JMS-TAB, 2010 WL 4923900 (S.D. Ind. 2010). Directing the focus solely on Defendants' failure to timely produce a privilege log, the Court finds that under the circumstances of this case waiver is not appropriate. The emails at issue are communications between IMPD counsel and her client, which by their very nature are privileged—a fact acknowledged by the Court in its October 20 supplemental order. [Filing No. 62.] *See Jorling v. Anthem, Inc.,* No. 1:09-cv-0798-TWP-TAB, 2011 WL 3759189, at * (S.D. Ind. Aug. 25, 2011) (noting that the attorney-client privilege applies to communications between a client and his attorney that are intended to be confidential for the purpose of obtaining or providing legal advice). Defendants' court filings clearly indicated that documents existed where Kramer communicated with IMPD officials on the contents and legal opinions of LB11-000. [Filing No. 35-1, at ECF p. 3; Filing No. 55, at ECF p. 3.] The privilege log Defendants filed with their response reflects that. [*See* Filing No. 70-1, at ECF p. 2-3.] Plaintiff knew Defendants' contention that LB11-000 related documents were protected under attorney-client privilege and also knew that those documents specifically included communications between Kramer and IMPD officials. Thus, there is little prejudice to Plaintiff in Defendants' failure to produce a timely privilege log. As a result, the Court finds it appropriate to excuse Defendants' failure to produce a privilege log and subsequent untimely filing of a privilege log. Plaintiff's motion to compel [Filing No. 63] is denied.

Date: 1/23/2015

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

R. Eric Sanders
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
eric.sanders@indy.gov

Alexander Phillip Will
FROST BROWN TODD LLC
awill@fbtlaw.com

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com